```
                                                              FILED
                                                              CLERK
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF NEW YORK
                                                         JGK 12/06/2017
                                                       U.S. DISTRICT COURT
    ------------------------------------X               EASTERN DISTRICT OF NEW YORK
                                        :                LONG ISLAND OFFICE
    UNITED STATES OF AMERICA,           :
                                        :    17-CR-00398 (ADS)(SIL)
                  Plaintiff,            :
                                        :
            v.                          :
                                        :    100 Federal Plaza
    CHANDRICA NICOLE CLARKE,            :    Central Islip, New York
                                        :
                  Defendant.            :    November 16, 2017
    ------------------------------------X

          TRANSCRIPT OF CRIMINAL CAUSE FOR GUILTY PLEA
             BEFORE THE HONORABLE STEVEN I. LOCKE
                  UNITED STATES MAGISTRATE JUDGE

    APPEARANCES:

    For the Government:        LARA TREINIS GATZ, ESQ.
                               United States Attorneys Office
                               610 Federal Plaza
                               Central Islip, New York 11722

    For the Defendant:         NANCY LYNN BARTLING, ESQ.
                               LaRusso & Conway, LLP
                               300 Old Country Road
                               Suite #341
                               Mineola, New York 11501


    Court Transcriber:         RUTH ANN HAGER, C.E.T.**D-641
                               TypeWrite Word Processing Service
                               211 North Milton Road
                               Saratoga Springs, New York 12866
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

2

1  (Proceedings began at 12:23 p.m.)
2         THE CLERK:  Calling case 17-CR-398, United States of
3  America v. Chandrica Clarke.
4         Counsel, please state your appearance.
5         MS. GATZ:  Good afternoon, Your Honor.  Lara Treinis
6  Gatz for the United States.
7         THE COURT:  Good afternoon.
8         MS. BARTLING:  Good afternoon, Your Honor.  For
9  Ms. Clarke, Nancy Bartling.
10        THE COURT:  Good afternoon.  Your client is with
11 you, Ms. Bartling?
12        MS. BARTLING:  I'm sorry?
13        THE COURT:  Your client is with you?
14        MS. BARTLING:  Yes.
15        THE COURT:  All right.  Just bear with me a moment.
16 Okay.  Ms. Clarke, have you had an opportunity to speak with
17 your lawyer?
18        THE DEFENDANT:  Yes, I have.
19        THE COURT:  Okay.  Do you need more time to speak
20 with her?
21        THE DEFENDANT:  No, I don't.
22        THE COURT:  Okay.  Before we get started, a couple
23 of notes on housekeeping.  You have a right to have your plea
24 heard by a United States district judge.  I am not a United
25 States district judge; I am a United States magistrate judge.

1  My role, if you consent, is -- would be to listen to your plea
2  and then make a recommendation to Judge Spatt, who's the
3  district judge assigned to this case.
4          Have you had a chance to speak about me hearing your
5  plea with your attorney?
6          THE DEFENDANT:  Yes, I have.
7          THE COURT:  Okay.  And you're now consenting to me
8  doing that?
9          THE DEFENDANT:  Yes, I am.
10         THE COURT:  Okay.  I'm holding before me a document
11 entitled "Consent to Proceed Before United States Magistrate
12 Judge for Purposes of a Plea of Guilty and Allocution," and it
13 appears to bear your signature, Ms. Clarke.  Is that your
14 signature?
15         THE DEFENDANT:  Yes.
16         THE COURT:  All right.  Okay.  All right.
17 Ms. Clarke, before recommending that the district judge
18 consider your plea there are a number of questions I have to
19 ask you to assure myself that your plea is, indeed, a valid
20 one.  If you do not understand any of my questions, please say
21 so and I'll reword the question such that you can understand
22 it, okay?
23         THE DEFENDANT:  Yes.
24         THE COURT:  Would you please stand and raise your
25 right hand?

```
                                                                4
 1                  CHANDRICA NICOLE CLARKE, SWORN
 2              THE COURT:  Please be seated.  Ms. Clarke, do you
 3   understand that now having been sworn your answers to my
 4   questions will be subject to the penalties of perjury or of
 5   making a false statement if you do not answer truthfully?
 6              THE DEFENDANT:  Yes.
 7              THE COURT:  Would you please state your full name?
 8              THE DEFENDANT:  Chandrica Nicole Clarke.
 9              THE COURT:  And how old are you?
10              THE DEFENDANT:  Forty.
11              THE COURT:  Are you a citizen of the United States?
12              THE DEFENDANT:  Yes.
13              THE COURT:  How far did you go in school?
14              THE DEFENDANT:  Some college.
15              THE COURT:  Okay.  You graduated high school --
16              THE DEFENDANT:  Yes.
17              THE COURT:  -- and had some college?  Okay.  Are you
18   presently or have you recently been under the care of a
19   physician or psychiatrist?
20              THE DEFENDANT:  Yes.
21              THE COURT:  Which one?
22              THE DEFENDANT:  Psychologist.
23              THE COURT:  And for what?
24              THE DEFENDANT:  PTSD.
25              THE COURT:  Okay.  Is there anything -- and you're
```

5

1  in ongoing treatment?
2           THE DEFENDANT:  Yes.
3           THE COURT:  Is there anything about your experience
4  with this therapist or the treatment or the prognosis that
5  would impact your ability to understand today's proceedings?
6           THE DEFENDANT:  No.
7           THE COURT:  Okay.  In the past 24 hours have you
8  taken any narcotic, drugs, medicine or pills or drank any
9  alcoholic beverages?
10          THE DEFENDANT:  Yes.
11          THE COURT:  Okay.  What have you taken?
12          THE DEFENDANT:  Seroquel.
13          THE COURT:  I'm sorry, I couldn't hear you.
14          THE DEFENDANT:  Seroquel.
15          THE COURT:  And what is that before?
16          THE DEFENDANT:  My PTSD.
17          THE COURT:  Okay.  Is there anything about the
18 effects of that medication that would impact your ability to
19 understand the nature of today's proceedings?
20          THE DEFENDANT:  No.
21          THE COURT:  Okay.  Have you ever been hospitalized
22 or treated for narcotic addiction?
23          THE DEFENDANT:  No.
24          THE COURT:  Is your mind clear today?
25          THE DEFENDANT:  Yes.

```
 1                THE COURT:  You understand what's going on?
 2                THE DEFENDANT:  Yes.
 3                THE COURT:  Okay.  Ms. Bartling, have you discussed
 4   this matter with your client?
 5                MS. BARTLING:  I did.
 6                THE COURT:  Does your client understand the rights
 7   she would be waiving with a guilty plea?
 8                THE DEFENDANT:  She does.
 9                THE COURT:  Is your client capable of understanding
10   the nature of today's proceedings?
11                THE DEFENDANT:  Yes.
12                THE COURT:  Do you have any doubt about her
13   competence to plead at this time?
14                THE DEFENDANT:  No.
15                THE COURT:  All right.  Ms. Clarke, you have a right
16   to plead not guilty.  Do you understand?
17                THE DEFENDANT:  Yes.
18                THE COURT:  If you plead not guilty, under the
19   Constitution and laws of the United States you're entitled to
20   a speedy and public trial by jury with the assistance of
21   counsel on all of the charges.  Do you understand?
22                THE DEFENDANT:  Yes.
23                THE COURT:  At the trial you'd be presumed to be
24   innocent and the Government would have to overcome that
25   presumption and prove you guilty by competent evidence and
```

```
 1  beyond a reasonable doubt and you would not have to prove that
 2  you're innocent.  And if the Government failed in that regard
 3  the jury would have a duty to find you not guilty.  Do you
 4  understand?
 5              THE DEFENDANT:  Yes.
 6              THE COURT:  In the course of the trial the witnesses
 7  for the Government have to come to court and testify in your
 8  presence and your counsel has the right to cross-examine those
 9  witnesses for the Government, to object to evidence offered by
10  the Government, and to offer evidence on your behalf.  Do you
11  understand?
12              THE DEFENDANT:  Yes.
13              THE COURT:  And if there are witnesses that were
14  reluctant to come to trial, your attorney would have the right
15  to subpoena those witnesses and make them testify on your
16  behalf.  Do you understand?
17              THE DEFENDANT:  Yes.
18              THE COURT:  At trial while you'd have the right to
19  testify if you chose to do so, you would not be required to
20  testify.  Under the Constitution of the United States you
21  could not be compelled to incriminate yourself.  If you
22  decided not to testify, the Court would instruct the jury that
23  they could not hold that against you.  Do you understand?
24              THE DEFENDANT:  Yes.
25              THE COURT:  If you plead guilty and I recommend
```

1  acceptance of the plea and the plea is accepted, you'll be
2  giving up your constitutional rights to a trial and the other
3  rights we've just discussed.  There'll be no further trial of
4  any kind and no right to appeal or collaterally attack at any
5  time on the question of whether or not you're guilty, although
6  you may be able to challenge the conviction or the sentence if
7  you're subject to a period of incarceration greater than 27
8  months.  Do you understand?
9              THE DEFENDANT:  Yes.
10             THE COURT:  If you plead guilty I'm going to have to
11 ask you questions about what you did in order to satisfy
12 myself that you are guilty of the charge to which you seek to
13 plead guilty and you'll have to answer my questions and
14 acknowledge your guilt.  Thus, you'll be giving up your right
15 not to incriminate yourself.  Do you understand?
16             THE DEFENDANT:  Yes.
17             THE COURT:  Okay.  Are you willing to give up your
18 right to a trial and the other rights we've just discussed?
19             THE DEFENDANT:  Yes.
20             THE COURT:  Okay.  I'm holding before me the
21 document entitled "Plea Agreement."  It appears to bear your
22 signature on the last page.  Is that your signature, ma'am?
23             THE DEFENDANT:  Yes.
24             THE COURT:  Have you read the plea agreement?
25             THE DEFENDANT:  Yes.

```
 1                THE COURT:  And you understand its terms?
 2                THE DEFENDANT:  Yes.
 3                THE COURT:  And have you had a chance to talk about
 4   it with your counsel?
 5                THE DEFENDANT:  Yes, I have.
 6                THE COURT:  Has she answered whatever questions you
 7   had in that regard?
 8                THE DEFENDANT:  Yes.
 9                THE COURT:  Okay.  I'm now going to ask the attorney
10   for the Government to summarize the terms of the plea
11   agreement including any waivers.
12                MS. GATZ:  Yes, Your Honor.  The defendant has
13   agreed to plead guilty to the indictment and the Government
14   has outlined in the plea agreement what we believe the
15   adjusted offense level and the corresponding guideline range,
16   which is advisory is.
17                We have indicated in our plea agreement that we
18   believe the adjusted offense level is a level 16 and assuming
19   the defendant is a criminal history category two because she
20   has pled guilty in a timely manner we would make the fee
21   application -- it's actually only two points, excuse me.  So
22   that she would -- the total offense level is 18 to 24 months
23   is what she -- is what we believe is our best estimate of the
24   adjusted offense level in this case.
25                THE COURT:  The agreement says criminal history
```

1  category three.
2              MS. GATZ:  I'm sorry.  I was reading it from a very
3  small document and it looked like a two to me.  Yes, it --
4  criminal -- excuse me, criminal history category three and
5  that the 18 to 24 months is the Government's best estimate
6  about the advisory guideline range.  But the plea agreement
7  indicates that if the court or the Probation Department comes
8  up with a different number that's not a grounds for her to
9  withdraw her plea.
10             She's agreed that if the -- Judge Spatt imposes a
11 term of imprisonment of 27 months or below that she has given
12 up her right to appeal and both her sentence and her
13 underlying plea if Judge Spatt does that.  There are other
14 smaller terms in the agreement, but those are the majority of
15 the important terms of the plea agreement.
16             THE COURT:  Okay.  Ms. Bartling, is there anything
17 you'd like to add in that regard?
18             MS. BARTLING:  No, Your Honor.  That's our
19 understanding.
20             THE COURT:  All right.  Ms. Clarke, we talk about
21 the elements of a crime, which are the elements that the
22 Government has to prove to establish guilt at trial.  Are you
23 aware of the elements of the crime to which you intend to
24 plead guilty?
25             THE DEFENDANT:  Yes.

```
                                                                11
1              THE COURT:  All right.  Ms. Gatz, would you
2    summarize the elements for the record?
3              MS. GATZ:  Yes, Your Honor.  The defendant is
4    charged in this one-count indictment with theft of Government
5    funds and in summary, it charges that between August of 2012
6    and March of 2015 the defendant within the Eastern District of
7    New York, together with others knowingly and intentionally
8    stole a thing of value of the United States, specifically from
9    the Internal Revenue Service, currency in the amount of
10   $99,600 and the allegation is that doing -- by doing that she
11   stole tax dollars that were refunds that were improperly filed
12   in other people's names and she claimed herself as the
13   recipient of those funds.
14             THE COURT:  All right.  Ms. Clarke, have you
15   discussed with your attorney the charge in the indictment to
16   which you intend to plead guilty?
17             THE DEFENDANT:  Yes.
18             THE COURT:  And you understand the nature of that
19   charge?
20             THE DEFENDANT:  Yes, I do.
21             THE COURT:  Okay.  I'm going to ask Ms. Gatz to
22   summarize the potential penalties that are associated with
23   your plea.
24             MS. GATZ:  Yes, Your Honor.  The defendant in
25   this -- she faces a term of -- a minimum term of imprisonment
```

```
                                                               12
 1   of zero years, a maximum term of imprisonment of ten years, a
 2   period of supervised release of three years and if any
 3   violation of that supervised release occurs she would face
 4   another two years --
 5             THE COURT:  It's up to three years, isn't it?
 6             MS. GATZ:  Up to three years and then two years on a
 7   violation, yes.
 8             THE COURT:  Without credit for previous periods of
 9   incarceration?
10             MS. GATZ:  Yes, Your Honor.
11             THE COURT:  Okay.
12             MS. GATZ:  And a maximum fine of $250,000.
13   Restitution is mandatory and it will be determined by the
14   court at sentencing, and $100 special assessment on her
15   penalties.
16             And, Your Honor, I'd like to point out the defendant
17   is currently serving a term of imprisonment on an unrelated
18   matter.
19             THE COURT:  Okay.
20             MS. GATZ:  So it is likely that whatever term of
21   imprisonment is instituted on this case will be consecutive to
22   the term she's serving.
23             THE COURT:  Okay.  Ms. Bartling, did you discuss
24   that with your client?
25             MS. BARTLING:  I did.
```

13

1  THE COURT: Okay. All right. Ms. Clarke, a moment
2 ago one of the potential penalties is a period of what we call
3 supervised release. It's a period of time during which your
4 conduct will be restricted in certain ways as to be determined
5 by Judge Spatt. If you were to violate any of those
6 restrictions you could be subject to a period of subsequent
7 incarceration of up to two years without credit for prior time
8 served. Do you understand that?
9  THE DEFENDANT: Yes.
10  THE COURT: Okay. Have you discussed the sentencing
11 guidelines and other sentencing factors with your attorney?
12  THE DEFENDANT: I have.
13  THE COURT: Do you understand that under the
14 sentencing guidelines, they're not man -- well, pardon me.
15 Sentencing guidelines are not mandatory. In sentencing the
16 Court is required to consider the applicable guideline range,
17 along with other statutory factors, and the Court will
18 consider the nature and circumstances of the offense, your
19 criminal history and -- if any, and other characteristics. Do
20 you understand that?
21  THE DEFENDANT: Yes.
22  THE COURT: What that means is the only guarantee
23 you have with respect to sentencing is the statutory maximum
24 discussed before, which is a term of imprisonment of ten
25 years. Do you understand?

14

1  THE DEFENDANT:  Yes.
2  THE COURT:  Okay.  In formulating the sentencing the
3 district court must consider certain factors I referenced
4 before which include the seriousness of the offense, just
5 punishment, protection of the public from additional criminal
6 conduct by you and others, and where appropriate your
7 cooperation if the Government were to submit what's called a
8 5K1.1 letter.  Do you understand?
9  THE DEFENDANT:  I do.
10  THE COURT:  Do you realize that if the sentence is
11 more severe than you expected you'll be bound by your guilty
12 plea and not permitted to withdraw, although you may challenge
13 the conviction or sentence if you are sentenced to a period of
14 incarceration of greater than 27 months?
15  THE DEFENDANT:  Yes.
16  THE COURT:  Do you have any questions you'd like to
17 ask me about the charge or your rights in this matter or
18 anything else relating to this matter?
19  THE DEFENDANT:  No.
20  THE COURT:  Are you prepared to plead at this time?
21  THE DEFENDANT:  Yes.
22  THE COURT:  Ms. Bartling, do you know any legal
23 reason why the defendant should not plead guilty?
24  MS. BARTLING:  No, Your Honor, I don't.
25  THE COURT:  Ms. Clarke, are you satisfied with your

```
                                                                  15
 1  legal representation up until this point?
 2              THE DEFENDANT:  Yes.
 3              THE COURT:  Do you believe your lawyer did a good
 4  job?
 5              THE DEFENDANT:  Yes.
 6              THE COURT:  All right.  What is your plea to the one
 7  count of the indictment?
 8              THE DEFENDANT:  Guilty.
 9              THE COURT:  Are you making this plea of guilty
10  voluntarily and of your own free will?
11              THE DEFENDANT:  Yes.
12              THE COURT:  Has anyone threatened you or coerced you
13  in any way in order to get you to plead guilty?
14              THE DEFENDANT:  No.
15              THE COURT:  Other than the plea agreement, your
16  agreement with the Government that we just referred to on the
17  record in which you signed has anyone made any promises --
18              THE DEFENDANT:  No.
19              THE COURT:  Promises to you in order to get you to
20  plead guilty?
21              THE DEFENDANT:  No.
22              THE COURT:  Has anyone made any promises to you as
23  to what your sentence will be?
24              THE DEFENDANT:  No.
25              THE COURT:  All right.  I'm going to ask you now to
```

1  describe for me in your own words what you did in connection
2  with the charge in the indictment and to which you're pleading
3  guilty?
4          THE DEFENDANT:  From on or about July 2012 through
5  on or about April 2015 I filed tax returns in the names of
6  other individuals without their knowledge or permission and
7  listed my personal bank account as the bank where their tax
8  refunds should be electronically deposited.  I did this in
9  order to claim federal refunds from the false tax returns in
10 the total amount of $99,600.  I knew what I was doing was
11 wrong.  I also knew that these individuals did not give me
12 permission or had knowledge I was filing tax returns on their
13 behalf and then collecting their refunds.
14          I was the sole signatory of the bank account in
15 which the false tax returns were electronically deposited
16 into.  I used this money I obtained fraudulently to pay rent,
17 personal expenses and other obligations -- other personal
18 obligations.  I did all of this voluntarily and knowingly.
19          THE COURT:  And where were you when you did this?
20 What location was --
21          THE DEFENDANT:  Queens, New York.
22          THE COURT:  All right.  Do you have anything to add,
23 Ms. Gatz?
24          MS. GATZ:  No, Your Honor.  Thank you.
25          THE COURT:  All right.  I'm going to ask the

17

1  Government now to outline the proof that would have been
2  submitted had this matter gone to trial.
3              MS. GATZ:  Yes, Your Honor.  A search of the
4  defendant's boyfriend's and her -- the house they lived in
5  together revealed a notebook that was in their bedroom and in
6  that notebook it was the names and Social Security Numbers of
7  many people and the IRS and the FBI ascertained that those tax
8  returns were filed in the names of the people whose Social
9  Security numbers were in the notebook and were able to trace
10 through bank records where the refund returns went and they
11 all were returned to Ms. Clarke.
12             And we interviewed some of the people whose names
13 were in there.  They did not give Ms. Clarke permission to
14 file these tax returns.  Some of them knew her, some of them
15 did not.
16             THE COURT:  Okay.  And the agents will testify to
17 all of this?
18             MS. GATZ:  Absolutely.
19             THE COURT:  Okay.  Ms. Bartling, is there anything
20 you would like to add?
21             MS. BARTLING:  No, Your Honor.
22             THE COURT:  All right.  Based on the information
23 given to me, I find that the -- oh, I'm sorry.  And Ms. Gatz,
24 this all happened within the Eastern District of New York?
25             MS. GATZ:  Yes, Your Honor.

```
                                                              18
 1              THE COURT:  Okay.  During the period reference don
 2   the record before I think in 2012 -- 2012 to 2015?
 3              MS. GATZ:  Yes, Your Honor.
 4              THE COURT:  Okay.  Based on the information given to
 5   me I find that the defendant is acting voluntarily, that she
 6   fully understands her rights and the consequences of the plea
 7   and the factual basis for the plea.  I am therefore
 8   recommending to Judge Spatt that he accept the plea of guilty
 9   to the one count in the indictment of theft of funds of the
10   United States.  Is there anything else?
11              MS. GATZ:  Nothing from the Government.  Thank you,
12   Your Honor.  I think we have a sentencing date in March.
13              THE CLERK:  March 9th.
14              THE COURT:  March 9th, 2018 for sentencing.
15   Ms. Bartling, do you have anything else for the record?
16              MS. BARTLING:  I don't, Judge.  Thank you.
17              THE COURT:  Thank you all.
18   (Proceedings concluded at 10:56 a.m.)
19                          * * * * * *
20
21
22
23
24
25
```

```
                                                              19
 1          I certify that the foregoing is a court transcript
 2  from an electronic sound recording of the proceedings in the
 3  above-entitled matter.
 4
 5                          [signature]
 6                          _____
 7                          Ruth Ann Hager, C.E.T.**D-641
 8  Dated:  December 4, 2017
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```